## Case No. 9,195.

### The MARY ANNE.

[1 Ware (104) 99.] 1

District Court, D. Maine.   Dec. Term, 1826.

ADMIRALTY — EFFECT OF DECREE —FORFEITURE— RIGHT TO INTERVENE—CREDITOR.

1. A decree of a court of admiralty on a proceeding in rem for a forfeiture is conclusive on all persons claiming an interest in the thing.

[Cited in The Hendrik Hudson, Case No. 6,- 358; Gillingham v. Charleston Tow-Boat & Transp. Co., 40 Fed. 651.]
[Cited in Whitney v. Walsh, 1 Cush. 32.]

2. Any person claiming an interest in the thing may intervene and make himself a party to the cause, and contest the forfeiture, so far as the decree would be conclusive on his rights.

[Cited in The Velocity, Case No. 16,911; The Old Concord, Id. 10,482; Bartlette v. The

2 [From 13 Betts, D. C. MS. 12.]
1 [Reported by Hon. Ashur Ware, District Judge.]

Viola, Id. 1,083; Wilson v. Bell, 20 Wall. (87 U. S.) 222.]

[Cited in Whitney v. Walsh, 1 Cush. 32.]

3. A creditor who has attached the thing in a suit against the owner, before the seizure, may intervene in the case as a claimant.

[Cited in Crapo v. Allen, Case No. 3,360; The Old Concord, Id. 10,482; Topfer v. The Mary Zephyr, 2 Fed. 825.]

This was a case of seizure made by the collector of Saco, for an alleged violation of the act of congress for the registering and recording of ships or vessels. The owner interposed no claim, but a claim was filed by Messrs. William J. and Charles E. Quincey, with a stipulation for costs, setting forth a claim against the vessel as attaching creditors, they having attached her, before the seizure, for a debt due to them from Dunlevie, the owner. The right of the Messrs. Quincey to intervene in the case as claimants, was denied on the part of the United States.

Mr. Shepley, Dist. Atty., for libellants.

C. S. Daveis, for claimants.

WARE, District Judge. It is contended by the district attorney that the Messrs. Quincey, upon the facts set forth in their claim and answer, cannot be admitted to appear as claimants, and make themselves parties to the vessel, because the legal title to the vessel, and with it all their proprietary interest, passed by the bill of sale to the Howlands; and the lien which they acquired by attachment is not such an interest in the thing as will entitle them to maintain a claim in a court of admiralty. As a general principle, it is certainly true that in admiralty process in rem, all persons having an interest in the thing may intervene pro interesse suo, file their claims and make themselves parties to the cause, to defend their own interest. The process acts on the thing itself, and places it in the custody of the court. When thus in its possession, the court is bound to preserve it for all who have an interest in it, and not to deliver it but to those who prove a title. It follows as a necessary consequence that all who have a legal interest may appear, and by suitable allegations and proofs, show what that interest is, and claim to have it allowed. If it were not so, the greatest injustice would be done, because a decree of the court in rem is binding on all the world as to the points which are directly in judgment before it.

When property is brought into court on a revenue seizure, upon an allegation of forfeiture, the service having been regularly made according to law, it is deemed to be a service on all the world, and all persons who have an interest in the thing are presumed to have notice of the pendency of the suit. If no one appears to claim, and dispute the allegations of the libel, the act of congress prescribing the course of the court in revenue cases, directs that "the court shall proceed to hear and determine the cause according to law." Act March 2, 1799, c. 128, § 89 [1 Story's Laws, 653 (1 Stat. 695, c. 22)]. The practice of the court, when no person intervenes and files a claim, is to proceed by default and decree a forfeiture for want of a claim. This was the course prescribed by former laws. Act July 31, 1789, c. 5, § 36 [1 Stat. 29]; Act Aug. 4, 1790, c. 62, § 67 [1 Story's Laws, 155 (1 Stat. 176, c. 35)]. And this appears to be according to the course of the admiralty in its ordinary practice, and constitutes the law of the court. The legal notice of process having been given, the law presumes it to be brought home to all who have an interest in the thing, and if they do not appear and enter their claims they are held to be in contumacy, a decree passes on the motion of the libellant, the property is sold, and the proceeds brought into the registry; and on proof of the debt, upon a summary hearing, the libellant is entitled to be paid his debt and costs out of the proceeds. 2 Browne, Civ. & Adm. Law, 399–405; Clerke, Praxis Adm. tit. 35. The excess is retained in the registry, for any one who shall claim and prove his title. In the case of libels for forfeiture in the name of the United States, if there be no claim, no proof of the facts is, in the ordinary practice of the court, required, but the allegations are taken to be true. The decree thus pronounced, conclusively ascertains the forfeiture, and is binding on all who claim an interest in the thing. The title acquired by forfeiture is good against all the world, and cannot be called in question in any other court. If it is so, what reason can be given why every person having an interest in the thing, whether it be a proprietary interest or a mere lien or privilege, should not be admitted to intervene for his own interest and contest the forfeiture so far as his right or interest would be prejudiced by the decree.

But it has been contended at the argument that the decisions of the courts lead to an opposite conclusion. It has been repeatedly held that a lien is not such an interest as will support a claim in a prize court. The Eenrom, 2 C. Rob. Adm. 5; The Tobago, 5 C. Rob. Adm. 221; The Marianna, 6 C. Rob. Adm. 26; The Frances (Irvin's claim) 8 Cranch [12 U. S.] 418; The Mary, 9 Cranch [13 U. S.] 126. The principle on which this decision rests is that the person who has the lien cannot contest the title acquired by the captors, jure belli, but that the captors hold the property discharged of the burden. But there is one lien respected by prize courts, and that is the right of the neutral carrier to freight on enemy's goods, which is always awarded to him, this being a lien created by the general maritime law. But liens created by the act of the parties, which depend for their validity on the municipal laws of the country where the parties have their domicil, or where the liens are created, are not regarded by prize courts. "The difficul-

ties," says Judge Washington in the case of The Frances, "which an examination of such claims would impose on the captors, and even on the courts in deciding tnem, and the door which such a doctrine would open to collusion between the enemy owners and the neutral claimants, have excluded such claimants from the consideration of the courts." In all these cases, the courts professedly take their stand on the principles of prize law; the reasoning by which the decision is vindicated applies peculiarly to that law, and has but a limited application on the instance side of the court.

It is, however, further contended that when the proceeding is for a forfeiture, a person having a lien cannot intervene and make himself a party in this stage of the cause, but must await the decision of the court, and in case of a decree of condemnation, file his petition to be paid out of the proceeds after they are brought into the registry. The case of The Louisetta [Case No. 8,535] is referred to, to show that this is the correct practice. That, like the present, was a case of revenue seizure, and there were attachments of private creditors. The vessel was sold on an interlocutory decree, and finally ordered to be restored. The counsel for the claimants moved for an order to the registrar to pay over the proceeds to them, the clerk having declined to do it without an order, as it was understood there were attachments on the property. The court merely said that they would take no notice of the attachment unless a caution were first filed. The question did not arise whether an attaching creditor could sustain a claim for the specific thing. The case of The St. Jago de Cuba, 9 Wheat. [22 U. S.] 409, was a seizure under the slave-trade acts. Two claims were interposed, founded on liens; the first, of the seamen for their wages, and the second, of certain material-men for supplies for repairing and refitting the vessel. These claims were dismissed on the merits, but the faculty of the claimants to make themselves parties in the cause, was not called in question. But the question in this case did not present itself whether these privileged creditors could be admitted as parties to contest a forfeiture, because it was admitted that if the claims were valid they would overreach the forfeiture, and would entitle them to be first paid from the proceeds. Nor does it distinctly appear whether the claim was originally filed against the vessel, or the rights of the claimants came up on a petition against the proceeds in the registry.

The question then returns, as one not directly settled by any of the cases cited at the bar, whether a person who has acquired a lien on a vessel, and she is subsequently seized and libelled for a forfeiture, can be admitted to intervene in the cause, and show, in defence of his rights, that no forfeiture has been incurred. To say that he must wait until after a decree, and then come in and petition against the proceeds, would be little better than a mockery. For if the decree is against the vessel, it annihilates his claim and he can maintain no claim to the proceeds. It is not a claim, like that of seamen's wages, or that of material-men, which overreaches the forfeiture. The attachment operates only to the extent of the debtor's interest, to whose rights, so far as his lien goes, the attaching creditor succeeds, while the maritime lien of seamen for their wages, and of material-men for supplies and repairs, is a species of proprietary interest in the thing itself, which is independent of the title of any particular individual. It inheres in the thing, whoever may be the general owner. But the interest of an attaching creditor can only be defended by the same means which will be a defence for the owner whose interest is attached, that is, in this case, by showing that no forfeiture has been incurred. To decide that he cannot make himself a party to the cause, before a decree on the merits, is to decide that he cannot be admitted to defend his rights at all. My opinion, upon the whole is, that the claim may be admitted.